-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Lawrence Melson,

    Petitoner,

-v-

United States of America,

    Respondent.

**DECISION AND ORDER**
13-CV-1190A
09-CR-0327A

---

The petitioner, Lawrence Melson, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2255, challenging the sentence imposed on his conviction, as set forth more precisely in his motion.

According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of --

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It appears to the Court that this motion should be barred under 28 U.S.C. § 2255. Specifically, petitioner was sentenced on March 16, 2012, and the judgment of conviction was entered on April 20, 2012. (Docket No. 46.) Because no appeal was taken from the conviction, the judgment became "final" for purposes of § 2255(1) on May 4, 2012 or, in other words, 14 days after judgment of conviction entered See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (Unappealed criminal judgment becomes final for purposes of calculating the time limit for filing collateral attack when time for filing a direct appeal expired); Fed.R.App.P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed within 14 days after "the entry of... the judgment or order being appealed[]."); *see also Minaya v. U.S.*, 2002 WL 519734, at *2 (S.D.N.Y., April 4, 2002 (Because petitioner did not appeal his sentence, the judgment became final on the last day on which petitioner could have sought an appeal) (citing predecessor to Fed.R.App.4(b)(1)(A)).[1] Petitioner did not file the instant motion until, at the

---

[1] Under the former Rule, a criminal defendant had only ten days in which to file a notice of appeal. See Fed. R.App. 4 Advisory Committee Notes to the 2009 Amendments.

earliest, November 25, 2013, which is well beyond the one year limitations period that expired on May 4, 2013.[2]

In order to permit the Court to properly evaluate the issue, petitioner is directed to complete the attached § 2255 Timeliness Response Form entitled "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255" and return it to the Clerk of Court by **April 23, 2014**. Petitioner should be sure to include in the Response specific and detailed information addressing all of the Court's concerns; petitioner should also include all pertinent dates when any collateral attacks were filed and when each was finally determined, if petitioner has filed any such collateral attacks, and any other information which may be relevant to the Court's determination of the limitations issue.

**Failure to return the properly completed form by April 23, 2014 will result in the automatic dismissal of the motion.**

IT HEREBY IS ORDERED, that petitioner is directed to file a response to this order by **April 23, 2014**; and

FURTHER, that if the § 2255 Timeliness Response Form is not filed by **April 23, 2014**, the Clerk of the Court is directed to dismiss the motion without further notice, and

---

[2] See *Johnson v. Coombe*, 156 F.Supp.2d 273 (S.D.N.Y.2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" (quoting *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y.1998) (citing cases)).

FURTHER, all docketing for this action shall be made in the related criminal action 09-CR-0327A

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: March 24, 2013